IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACKIE MESSMER-WILBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–1077–MJR–SCW |
| | ) |
| BANK OF AM., N.A., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

This diversity case, in which Plaintiff has sued Bank of America (BOA) for damages stemming from the loss of a $150,000 Certificate of Deposit, comes before the Court on (Doc. 20) Plaintiff's Motion to Dismiss and/or Strike BOA's Affirmative Defenses. As pled, BOA's asserted affirmative defenses are fivefold:

(i) Plaintiff fails to state a claim for financial negligence or breach of contract against (BOA) aupon which relief can be granted.

(ii) Plaintiff's damages, if any, and none being admitted, were not caused by [BOA], but by another person or entity, including but not limited to Plaintiff, for whom [BOA] is not responsible and over whom [BOA] exercises no control.

(iii) Plaintiff's negligence was the proximate cause or, alternatively, a proximate contributing cause of her alleged damages.

(iv) Plaintiff lacks standing to bring the claims alleged against BANA because she had no ownership interest in the bank accounts at issue.

(v) Plaintiff's claims are barred by the applicable statute of limitations pursuant to the Uniform Commercial Code.

1

Plaintiff argues that the first, second, third, and fifth affirmative defenses should be stricken.

In its answer, a party must affirmatively state any avoidance or affirmative defense. FED. R. CIV. P. 8(c). And under federal notice pleading standards, a defense must be set out "in short and plain terms." FED. R. CIV. P. 8(b)(1)(A). A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Rule 12(f) permits a court to strike defenses that are insufficient on the face of the pleadings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Motions to strike often serve not to refine issues (and thereby aid in a more expeditious resolution of a case), but instead to generate another round of briefing to be addressed before dispositive motions can be reached. *Hall v. United of Omaha Life Ins. Co.*, 10–cv–0012–MJR, 2011 WL 1256836, at *1 (S.D. Ill. Apr. 4, 2011). Motions to strike may be granted where they serve to remove defenses that only add "unnecessary clutter" to a case, but they are generally disfavored because of their potential to cause delay. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike will not be granted unless it appears "to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

District courts in this circuit do not generally grant a Rule 12(f) motion unless the targeted language is clearly prejudicial to the movant. *Olayan v. Holder*, 833 F. Supp. 2d 1052, 1058 (S.D. Ind. 2011); *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009); *YTB Travel Network of Ill., Inc. v. McGlaughlin*, No. 09–cv–JPG, 2010 WL 850154, at *2 (S.D. Ill. March 5, 2010). District courts are split (and the Seventh Circuit has not weighed in) as to whether the "plausibility" standard articulated by the Supreme Court in *Twombly* and *Iqbal* applies to the pleading of affirmative defenses. *Compare Champion Steel Corp. v. Midwest Strapping Prods., Inc.*, No. 10 C 50303, 2011 WL 5983297, at *2 n. 2 (N.D. Ill. Nov. 28, 2011), *with J&J Sports Prods., Inc. v. Munoz*, No. 1:10–CV–1563, 2011 WL 2881285, at *1 (S.D. Ind. July 15, 2011), *and Leon v. Jacobson Transp. Co., Inc.*, No. 10 C 4939, 2010 WL 4810600, *1 (N.D. Ill. Nov. 19, 2010). As it has before, *see Ford v. Psychopathic Records*, No. 12-cv-0603, 2013 U.S. Dist. LEXIS 93141, at *16–19 (S.D. Ill. July 3, 2013), the undersigned sides with courts that decline to apply *Twombly* and *Iqbal* to affirmative defenses. The considerations for applying the "plausibility" standard to complaints are simply not in play when addressing affirmative defenses. In *Leon v. Jacobson Transportation Co.*, the court reasoned that the purpose of "*Twombly* and *Iqbal* was to make it more difficult to use a bare-bones *complaint* to open the gates of expensive discovery and force an extortionate settlement," and (because they can easily be ignored) the likelihood of a defendant filing nuisance defenses is unlikely. *Leon*, 2010 WL 4810600, at *1 (emphasis

3

added). In contrast to extra scrutiny of complaints, "extra scrutiny of affirmative defenses is often wasteful." *Ford*, 2013 U.S. Dist. LEXIS 93141 at *17.

Here, three of Defendant's affirmative defenses are "unnecessary clutter."[1] As to the first enumerated affirmative defense—failure to state a claim—it is not technically an affirmative defense. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim *even though there is a defense to that claim*.") (emphasis added). Whether Plaintiff states a claim is an issue that should be decided via a 12(b)(6) motion. The second and third asserted defenses—both concerning causation—are matters that will necessarily controvert Plaintiff's proof, and therefore not affirmative defenses. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012).

As to the fifth asserted defense—that the statute of limitations bars this action—Plaintiff can infer the contours of BOA's argument without a bevy of detailed facts. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (Rule 8 meant to promote deciding cases on the merits, "not to debate finer points of pleading where opponents have fair notice of the claim or defense."). Plaintiff does not argue, nor can the Court discern, what more should be pled for Plaintiff to have fair notice of Defendant's argument that Plaintiff took too long to bring this lawsuit.

---

[1] That is not to say the instant motion falls outside the general category of motions to strike that simply serve to add an extraneous round of briefing. Plaintiff could have simply ignored those portions of Defendant's pleading and suffered no detriment. *See Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11–cv–95–PRC, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) ("In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them.").

*See also U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (affirmative defenses can be inferred from the pleadings).

Plaintiff's Motion to Strike (**Doc. 20**) is **GRANTED IN PART and DENIED IN PART**. Affirmative Defenses (i), (ii), and (iii) are **STRICKEN** from BOA's First Amended Answer.

IT IS SO ORDERED.
DATE: <u>August 13, 2014</u>     <u>s/ *Michael J. Reagan*     </u>
MICHAEL J. REAGAN
United States District Judge